IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE FARM AND CASUALTY CO.    :
                               :
v.                             :    Civil Action No. WMN-01-2354
                               :
KENNETH HAINES, et al.         :

## MEMORANDUM

Before the Court are Defendant Gibson's Motion to Dismiss or Transfer (Paper No. 5), Defendant Haines' Motion to Dismiss (Paper No. 9), and Defendant Gibson's Supplemental Motion to Dismiss (Paper No. 11).  The motions are fully briefed and ripe for decision.  Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motions will be denied.

## I.  BACKGROUND

This action for declaratory judgment arises out of events that occurred on Halloween night, 1998.  The facts are undisputed that on that evening, Kenneth Haines drove his car to the Town and Country Trailer Park in Elkton, Maryland.  Mr. Francis Gibson, owner of the trailer park, had set up a road block to control access to the park while children were engaged in "trick or treating."  As Mr. Haines passed the roadblock, Mr. Gibson tapped or hit the side of Mr. Haines' car and told him to slow down.  Mr. Haines then stopped his car, got out, and confronted Mr. Gibson.  Mr. Haines then struck Mr. Gibson, who fell on the

ground and hit his head.  Unfortunately, Mr. Gibson later died from his head injuries.

Mr. Gibson's widow, Helen Gibson, and his estate, filed suit against Mr. Haines in the Circuit Court for Cecil County, Civil Action No. 07-C-99-000314.  The Complaint in that case alleges that Mr. Haines acted "without cause or justification" and "struck [Mr. Gibson] with violent force."  See, State Farm Complaint at Exh. 2 (Complaint in Gibson v. Haines).  The Gibsons' state court complaint identifies as causes of action both "negligence" and "assault," and prays damages in the amount of $2 million.  Id.

At the time of the incident, Mr. Haines was a minor residing with his grandmother, Nancy Haines.  Ms. Haines had purchased a homeowners insurance policy from Plaintiff, State Farm Fire and Casualty Company ("State Farm"), which also covered Mr. Haines.  The policy provides that State Farm will defend and indemnify its insured for claims of bodily injury or property damage caused by "an occurrence."  State Farm Complaint at Exh. 1 (Manufactured Home Policy at Coverage L).  The term "occurrence" is defined as "an accident, including exposure to conditions, which results in bodily injury or property damage."  Id. at Exh. 1, p. 2.  The policy's coverage does not apply to bodily injury or property damage which is (a) "either expected or intended by an insured;"

(b) "to any person or property which is the result of willful and malicious acts of an insured;" (c) "arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle . . . operated by . . . any insured." Id. at Exh. 1, p. 15 (Exclusions to Coverage).

Helen Gibson filed the state court action against Mr. Haines on November 8, 1999, and at that time State Farm appointed outside counsel for Mr. Haines.[1]  Discovery proceeded, and several depositions were taken, including one from Mr. Haines. Notably, no depositions were taken from two eyewitnesses to the incident, Mr. Thomas Sulecki and Jesse Thomas Gagnon. According to police investigation reports, both eyewitnesses had told police that Mr. Haines had intentionally struck Mr. Gibson, and that Mr. Gibson had not struck Mr. Haines. See, Gibson's Supp.

---

[1] State Farm is not a party to the state court action. In February, 2002, State Farm filed a Motion to Intervene in the state court case, in order to request a further stay of the trial pending this Court's decision on the instant motions. The motion to intervene was withdrawn shortly thereafter, however, when the Gibson plaintiffs requested a continuance so they could amend their complaint. The request was granted, and the Gibsons amended their complaint to include a breach of contract claim against State Farm Mutual Automobile Insurance Company, alleging that the Gibsons are entitled to recover under their insurance policy that provides coverage for injuries resulting from an uninsured or underinsured driver. According to State Farm Fire and Casualty Company, Plaintiff in the instant action, the State Farm automobile insurance company is a completely separate entity. See, State Farm Opp. to Gibson's Supp. Mot. to Dismiss, at note 1.

3

Mot. to Dismiss at Exh. 1 (Maryland State Police Investigative Reports). A trial date of August 14, 2001 was scheduled, but counsel for Mr. Haines moved for postponement. Shortly thereafter, State Farm filed the instant action in this Court, seeking a declaratory judgment that it has no duty to defend or indemnify Mr. Haines for Mr. Gibson's injuries, which State Farm maintains were intentionally inflicted by Mr. Haines and therefore not covered by the policy. Both Mr. Haines and Mrs. Gibson (and the Gibson estate) have moved to dismiss.

## II.   LEGAL STANDARD FOR DECLARATORY JUDGMENTS

The Declaratory Judgment Act, 28 U.S.C. § 2201, grants federal district courts the discretionary power to entertain declaratory judgment actions.[2] See, Wilton v. Seven Falls Co., 515 U.S. 277 (1995). A federal court has discretion to entertain a declaratory judgment action if the relief sought "(i) 'will serve a useful purpose in clarifying and settling the legal relations in issue'" and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Continental Casualty Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994) (quoting Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375 (4th Cir. 1994)). Furthermore, the court

---

[2] The Act does not confer federal jurisdiction where it otherwise would not exist. In the present case, this Court has diversity jurisdiction.

should consider principles of federalism, efficiency, and comity. See, Icarom v. Howard County, 904 F.Supp. 454, 459 (D. Md. 1995) (citing Nautilus, 15 F.3d at 376).

The Fourth Circuit has articulated several factors to guide district courts in deciding whether to entertain a declaratory judgment action during the pendency of a related state action. These factors include: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of facts or of law; and (4) whether the federal action is being used merely as a device for "procedural fencing." Nautilus, 15 F.3d at 377. Finally, a federal district court may refuse to entertain a declaratory judgment only for "good cause." Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937).

### III. DISCUSSION

The question at the heart of this declaratory judgment action- whether Mr. Haines struck Mr. Gibson intentionally or accidentally-is one controlled by state law. Such a basic question of tort liability, however, hardly presents

5

"problematic" or "difficult" questions of law or policy which Maryland would have a particular interest in deciding in its state courts.  See, Icarom, 904 F.Supp. at 459-60 (finding that the state does not have a compelling interest in resolving issues involving "the application of relatively settled principles of law to disputed facts").  This factor, then, counsels in favor of this Court entertaining the instant action.

Defendants argue that "the relief sought by State Farm under the Act will duplicate matters currently and squarely before the state court and result in a misuse of judicial economy." Gibson Mot. to Dismiss at 4.  To the contrary, it appears likely that the issue of Mr. Haines' intent may not come before the state court at all, because neither of the parties to that action has an incentive to explore it.  Defendants concede, without providing an explanation, that in the three years since the incident, they have not deposed the two eyewitnesses who told police that Mr. Haines acted intentionally.  See, Gibson Mot. to Dismiss at 2.  And although Mr. Haines is represented by counsel appointed by State Farm, his attorneys are ethically bound to represent his interests, not the insurance company's, which would certainly preclude them from calling such adverse witnesses.

The Maryland Court of Appeals has addressed the conflict of interest that frequently arises in disputes such as that between

6

Mr. Haines and the Gibson plaintiffs:

> When, at the tort trial, there is nondisclosure of the actual facts, in an obvious effort to bring within insurance coverage a matter which is outside of that coverage, public policy is clearly offended. To take any other position would be to promote fraud and collusion. If the effect of the tactics of both sides in a tort trial, which is supposed to be an adversarial undertaking, is to cooperate in persuading a jury that intentional wrongful conduct is mere "negligence," the administration of justice is subverted.

<u>Allstate Ins. Co. v. Atwood</u>, 319 Md. 247, 262-63 (Md. Ct. App. 1990). Although this Court's decision whether to entertain the instant action is guided by federal, rather than state standards, <u>see</u> <u>White v. National Union Fire Ins. Co.</u>, 913 F.2d 165, 167 (4th Cir. 1990), the Maryland court's observations speak to the efficiency factor that this Court must consider. In light of the parties' incentives, not only would it be more efficient for this Court to resolve the issue of Mr. Haines' intent, but the issue may not be resolved at all in the state court.[3]

Defendants also argue that this Court should abstain from entertaining this suit because it would have to decide critical issues of liability that go to the essence of the Gibsons' claims, thereby risking unnecessary entanglement between the

---

[3] The fact that Maryland has implemented a post-trial mechanism for insurance companies to correct the kind of "sham" trial described in <u>Allstate</u>, does not preclude this Court from entertaining a pre-trial declaratory judgment action. <u>See</u>, <u>Icarom</u>, 904 F.Supp. at 458.

federal and state courts. See, Haines Mot. to Dismiss at 2. First, as discussed above, the state court likely would not be presented with the issue of intent. Second, the inquiry that would be before this Court differs, albeit subtlely, from that which the state court factfinder would face. This Court could enter a declaratory judgment that State Farm owes no duty to defend or indemnify only if it found that no factfinder could conclude that Mr. Haines acted negligently. That is, if there were even a possibility that Mr. Haines acted negligently, State Farm must still honor its obligations to him by providing a defense and indemnifying him for any damages that are covered by the policy. The state court factfinder, on the other hand, would have to decide affirmatively whether Mr. Haines' conduct constituted negligence or assault. Finally, the overlap of issues is not complete; this Court would not address the issue of damages, and the state court would not address the issue of insurance coverage.[4] In sum, then, any "entanglement" of issues is not sufficient to require that this Court dismiss this action.

Finally, Defendants claim that State Farm has engaged in "procedural fencing" by bringing this action in federal court

---

[4] Pursuant to the Gibsons' Amended Complaint, however, the state court would consider the Gibsons' coverage under their automobile insurance policy-an issue unrelated to the matter before this Court.

shortly before the state court trial was to begin.  The Court disagrees.  It is equally plausible that, as trial drew near, State Farm recognized that the issue of intent would likely not be fully and fairly aired in state court, and brought suit here to clarify its legal relationships and to obtain "relief from the uncertainty, insecurity, and controversy" at hand.  See, Continental Casualty, 35 F.3d at 966.  That State Farm could have filed a declaratory action in state court, but instead exercised its right to a federal forum, does not itself indicate "procedural fencing."  See, Icarom, 454 F.Supp. at 460.

In sum, Defendants have not presented this Court with good cause to dismiss this action.  Having applied the four factors articulated by the Fourth Circuit, and having concluded that the principles of federalism, efficiency, and comity weigh in favor of entertaining this case, this Court will deny the motions to dismiss.

**IV. CONCLUSION**

The motions to dismiss filed by Defendant Haines and Defendant Gibson, as well as Defendant Gibson's Supplemental Motion to Dismiss, will be denied.  A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: March 29, 2002