```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


STATE FARM AND CASUALTY CO.    :
                               :
v.                             :  Civil Action No. WMN-01-2354
                               :
KENNETH HAINES, et al.         :
```

**MEMORANDUM**

Before the Court are Plaintiff's Motion for Summary Judgment (Paper No. 31) and Intervenor's Motion for Summary Judgment (Paper No. 32). The motions are fully briefed and ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motions will be granted.

**I.   BACKGROUND**

This action for declaratory judgment arises out of events that occurred on Halloween night, 1998. The facts are undisputed that on that evening, Kenneth Haines drove his car toward the exit of the Town and Country Trailer Park in Elkton, Maryland. Mr. Francis Gibson, owner of the trailer park, had set up a road block to control access to the park while children were engaged in "trick or treating." As Mr. Haines passed the roadblock, Mr. Gibson tapped or hit the side of Mr. Haines' car and told him to slow down. Mr. Haines then stopped his car, got out, and confronted Mr. Gibson. Mr.

Haines then struck Mr. Gibson, who fell on the ground and hit his head. Unfortunately, Mr. Gibson later died from his head injuries.

At the time of the incident, Mr. Haines was a minor residing with his grandmother, Nancy Haines. Ms. Haines had purchased a homeowners insurance policy from Plaintiff, State Farm Fire and Casualty Company (State Farm), which also covered Mr. Haines. The policy provides that State Farm will defend and indemnify its insured for claims of bodily injury or property damage caused by "an occurrence." Pl.'s Exh. E; Manufactured Home Policy at Coverage L. The term "occurrence" is defined as "an accident, including exposure to conditions, which results in bodily injury or property damage." Id. at Exh. E, at 2. The policy's coverage does not apply to bodily injury or property damage which is (a) "either expected or intended by an insured;" (b) "to any person or property which is the result of willful and malicious acts of an insured;" (c) "arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle . . . operated by . . . any insured." Id. at Exh. E, at 15 (Exclusions to Coverage).

Mr. Gibson's widow, Helen Gibson, and his estate, filed suit against Mr. Haines in the Circuit Court for Cecil County,

Civil Action No. 07-C-99-000314.[1]  At that time, State Farm appointed outside counsel for Mr. Haines.  Discovery proceeded, and several depositions were taken, including one from Mr. Haines.  A trial date of August 14, 2001 was scheduled, but counsel for Mr. Haines moved for postponement.  Shortly thereafter, State Farm filed the instant action in this Court, seeking a declaratory judgment that it has no duty to defend or indemnify Mr. Haines for Mr. Gibson's injuries, which State Farm maintains were intentionally inflicted by Mr. Haines and therefore not covered by the policy.  State Farm now moves for summary judgment.

Intervenor State Farm Mutual Automobile Insurance Company (State Farm Mutual) is a separate company from Plaintiff State Farm Fire and Casualty Company and intervened in this action after the Gibsons amended their state court action to include a breach of contract claim against State Farm Mutual, alleging that they are entitled to recover under their State Farm Mutual policy that provides coverage for injuries resulting from an uninsured or underinsured driver.  State Farm Mutual then filed a complaint in this action, as an intervenor, seeking a declaratory judgment that it had no obligation under

---

[1] Since the filing of the Complaint, Helen Gibson passed away, and the Estate of Helen G. Gibson has been substituted as a plaintiff.

the terms of the uninsured/underinsured provisions of the Gibsons' contract of insurance to pay the damages for bodily injury that the Estate of Francis H. Gibson and the Estate of Helen G. Gibson are legally entitled to recover from Kenneth Haines.  State Farm Mutual now moves for summary judgment as well.

**II.  LEGAL STANDARD**

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Rule 56 mandates the entry of summary judgment against a party who, after reasonable time for discovery and upon motion, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce

sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial.  Id. at 324.  The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).  Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material."  Id.

### III.  DISCUSSION

The Court will first address Plaintiff State Farm's motion for summary judgment.[2]  "In a declaratory judgment action which presents an issue of coverage, 'it is the function of the court to interpret the policy and decide whether or not there is coverage.'" Lloyd E. Mitchell v. Maryland Casualty Co., 324 Md. 44, 56 (1991) (quoting St. Paul Fire & Marine Ins. v. Pryseski, 292 Md. 187, 194 (1981)).  The

---

[2] The Gibsons concede that Plaintiff State Farm's motion for summary judgment should be granted.  See Paper No. 34, Answer to Plaintiff State Farm Fire and Casualty Company's Motion to Summary Judgment.  As such, the Court will address only Mr. Haines' opposition to Plaintiff's motion.

primary principle of insurance contract construction is to apply the terms of the contract.  Unless there is an indication that the parties intended to use words in the policy in a technical sense, they must be accorded their customary, ordinary, and accepted meaning.  Id.

In this action, the home insurance policy excludes coverage for bodily injury "which is either expected or intended by an insured."  Pl.'s Exh. E, at 15 (Exclusions to Coverage).  There is no dispute that Mr. Haines intended to push or shove Mr. Gibson.  The relevant inquiry is whether or not Mr. Haines expected or intended Mr. Gibson's injuries.  In Lititz Mutual Ins. Co. v. Bell, 352 Md. 782 (1999), Bell, the insured, was a resident patient at the Psychiatric Institute of Montgomery County.  It was undisputed that Bell struck an employee of that facility in the chest, causing bodily injuries.  The insurance policy in question had a similar exclusion as the exclusion in the present case, as it excluded coverage for bodily injury "which is expected or intended by the insured."  Id. at 787.  It was argued that Bell lacked the appropriate mental state to form an intent to injure the employee.  The Maryland Court of Appeals ordered that judgment be entered for the insurance carrier and held that "where the facts indicate a battery, the harm is the contact itself."

Id. at 798.  The Court stated:

> If Bell had not intended that contact itself due to a mental condition, then the act might be considered an "accident" and not intentional because the contact (the harm) would have taken place without his foresight or expectation.  However, where the actor intends to cause an offensive contact, the legally recognizable harm, ipso facto, cannot be said to have taken place without his foresight or expectation.

Id.

As mentioned above, it is undisputed that Mr. Haines intended to push Mr. Gibson.  As in Lititz, the harm is the contact itself.  If Mr. Haines had claimed that he swung outwards because he temporarily lost his balance, or that he was turning around to enter his car and was simply careless in bumping Mr. Gibson aside, but that he never intended to make contact with Mr. Gibson, then a simple case of negligence would probably exist.  Mr. Haines has testified multiple times, however, that he knowingly pushed Mr. Gibson, and it is evident from both his testimony and the testimony of eyewitnesses that he meant to do so.  Under Lititz, Mr. Haines' intent to cause injury to Mr. Gibson can be inferred from the contact itself.

Mr. Haines argues that when he got out of his car, Mr. Gibson used offensive foul language, screamed at Mr. Haines, and approached Haines waiving a flashlight at him.  Def.'s

Opp. at 6.  Mr. Haines states that he felt threatened and pushed Mr. Gibson away in self-defense.  Mr. Haines cites two non-Maryland cases for the proposition that the Court should infer a self-defense exception to the Exclusions to Coverage.[3] See Transamerica Ins. Group v. Meere, 694 P.2d 181 (Ariz. 1984); Allstate Ins. Co. v. Novak, 313 N.W.2d 636 (Neb. 1981). No Maryland court has adopted the reasoning of the Arizona or Nebraska courts, and in fact, other courts in those districts have declined to follow the holdings from those cases.  This Court, as well, declines to follow the holdings from those cases and concludes that Mr. Haines' actions fall within the "expected or intended" exception to coverage, and as such, Plaintiff State Farm is under no obligation to indemnify or defend Mr. Haines for Mr. Gibson's injuries.[4]

---

[3] Haines also cites a Maryland case in which the Maryland Court of Appeals held that the insured was entitled to coverage where he acted with reasonable force in exercising self-defense.  Aetna Casualty & Surety Co. v. Cochran, 337 Md. 98 (1995).  The insurance policy in that case, however, provided that the exclusion from coverage because of bodily injury or property damage expected or intended by the insured would not apply to bodily injury resulting from the use of reasonable force to protect persons or property.  Id. at 101. The policy at issue in this case does not contain any exception to the "expected or intended" exclusion for bodily injuries caused by self-defense.

[4] In Mr. Haines' Answer to Plaintiff State Farm's Complaint for Declaratory Judgment, he brings a counterclaim against State Farm Fire and Casualty Company.  The counterclaim alleges that State Farm Fire was obligated to

The Court will now turn to Intervenor State Farm Mutual's motion for summary judgment.[5] As mentioned above, the Gibsons amended their complaint in the civil action in Cecil County to include a breach of contract claim against State Farm Mutual, alleging that they are entitled to recover under their State Farm Mutual insurance policy that provides coverage for injuries resulting from an uninsured or underinsured driver. The policy's Uninsured Motor Vehicle Coverage provides:

> We will pay damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury or property damage must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

Intervenor's Exh. C, Insurance Policy, at 11 (emphasis

---

provide a defense at its expense if a claim was brought against Haines for damages to which the policy applied.  As explained above, the policy at issue does not apply to the damages suffered by Mr. Gibson.  Thus, State Farm is under no obligation to provide a defense for Mr. Haines.  The Court will dismiss Mr. Haines' Counterclaim.

[5] In the Gibsons' Answer to Intervenor State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment, Defendants claim that summary judgment "should be awarded in favor of Defendants Gibsons."  This opposition was not docketed as a cross motion for summary judgment, but even if the Court were to treat it as such, it would be denied.  As explained below, Mr. Gibson's death did not arise out of the operation, maintenance or use of a motor vehicle.  Drawing all inferences in favor of the Gibsons does not create any disputes of genuine issue of material fact.

omitted).

The Gibsons assert that the injury to Mr. Gibson arose "out of the operation, maintenance or use of a motor vehicle." Intervenor's Exh. D, Gibsons' Answers to Interrogatories, at ¶ 7. The Gibsons argue that "but for the negligent operation and use of the motor vehicle driven by the Defendant Kenneth Haines, Mr. Gibson would not have been pushed to the ground by Defendant Haines." Def.'s Opp. at 7. The Gibsons speculate that if Mr. Haines had not been driving his car in an unsafe manner, then Mr. Gibson would not have reached out and told Mr. Haines to slow down. Mr. Haines would not have exited his car and pushed Mr. Gibson. Id.

In Maryland, courts have determined that

> if the use of a motor vehicle (or, by extension, the ownership or maintenance of a motor vehicle) is directly connected causally, to the injury, then the relevant inquiry may be said to have arisen out of the 'ownership, maintenance, or use' of a motor vehicle; by contrast, if the ownership, maintenance, or use of a motor vehicle is only incidentally connected, causally, to the injury, then the injury has not arisen out of the 'ownership, maintenance, or use' of a motor vehicle.

Harris v. Nationwide, 117 Md.App. 1, 15-16 (1996). The injury suffered must be "'foreseeably identifiable with the normal use of the vehicle . . . .'" Wright v. Allstate Ins. Co., 128 Md.App. 694, 701 (1999) (quoting Nationwide Mutual Ins. Co. v.

Brown, 779 F.2d 984, 989 (4th Cir. 1985)).  In the instant case, Mr. Gibson's injuries and death were caused by Mr. Haines' pushing him to the ground after Mr. Haines had exited his automobile.  The car was not the mechanism of Mr. Gibson's injuries and death.  No reasonable finder of fact could conclude that there was any causal connection between the use of the car and the injury and death which was not incidental or fortuitous.  It is clear that the injury and death of Mr. Gibson would not be foreseeably identifiable with the normal use of an automobile.  As such, State Farm Mutual has no obligation under the terms of the uninsured/underinsured provisions of the Gibsons' contract of insurance to pay the damages for bodily injury that the Gibsons are legally entitled to recover from Kenneth Haines.

## IV. CONCLUSION

The motions for summary judgment, filed by Plaintiff State Farm Fire and Casualty Company and Intervenor State Farm Mutual Automobile Insurance Company, will be granted.  A separate order will issue.

```
                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```

Dated: March 12, 2003